**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701, | |
| Plaintiff, v. | Case No.: _____ |
| U.S. DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W. Washington, DC 20240, | **COMPLAINT** **FOR DECLARATORY AND** **INJUNCTIVE RELIEF** |
| Defendant. | |

**INTRODUCTION**

1.       In this action, the Center for Biological Diversity ("the Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the U.S. Department of the Interior's ("Interior") ongoing violations of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), resulting from the agency's failure to timely provide records responsive to a request for public records concerning the Colorado River Basin Project Act, 43 U.S. Code § 1551 (1968).

2.       On October 11, 2018, the Center submitted a FOIA request to Interior seeking records that interpret and/or apply the following language of the Colorado River Basin Project Act, 43 U.S. Code § 1551 (1968) Section 304(a): "the irrigation of lands not having a recent irrigation history as determined by the Secretary."

3.       Records responsive to this FOIA request would provide the Center and the public with crucial insight into the recent and potential future implementation of the Colorado River Basin Project Act.  Specifically, the requested records would inform the Center and the public about the application of the Colorado River Basin Project Act's limitation, which could have a

significant impact on the scope of future water projects subject to the Colorado River Basin Project Act such as the proposed Gila Diversion Project.

4.     Although 141 working days have passed since the Center submitted its FOIA request, to date Interior has not provided a determination or any responsive records.

5.     Accordingly, the Center brings this action challenging Interior's violations of FOIA resulting from its failure to respond to the Center's FOIA request and seeks declaratory and injunctive relief to require the search for and production of all responsive records.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

7.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, and because the responsive records are likely to be found in this district.

8.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

9.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 69,500 members.  Interior's failure to comply with FOIA impairs the Center's ability to provide full, accurate and current information to the public on a matter of public interest.  Absent this information, the Center is hampered in its ability to advance its mission to protect native species

and their habitat.  The Center and its members are harmed by Interior's violations of FOIA,

which are preventing the Center from gaining a full understanding of Interior's activities,

priorities, and decision-making regarding the Colorado River Basin Project Act and the ESA–

particularly with respect to the Gila River.

11.     Defendant U.S. DEPARTMENT OF THE INTERIOR is a United States federal

executive department of the U.S. government.  Interior's responsibility is to conserve and

manage the Nation's natural resources and cultural heritage for the benefit and enjoyment of the

American people.  Interior is in possession and control of the records that the Center seeks, and

as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the

Center's FOIA request to it.

## STATUTORY BACKGROUND

12.     FOIA's basic purpose is to promote government transparency.

13.     FOIA requires federal agencies to release requested records to the public unless

one or more specific statutory exemptions applies.  5 U.S.C. § 552(b)(1)-(9).

14.     Within 20 working days of receiving a FOIA request, an agency must determine if

it will release requested records and notify the requester of its determination and the reasons

therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an

adverse agency determination.  *Id.* § 552(a)(6)(A)(i).

15.     Only in "unusual circumstances" may an agency extend the time to make a final

determination by no more than 10 additional working days, but it must provide written notice to

the requester setting forth the unusual circumstances for the extension and "the date on which a

determination is expected to be dispatched."  *Id.* § 552(a)(6)(B)(i).  If the agency provides

written notice that the request cannot be processed within the specified time limit, the agency

shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id*. § 552(a)(6)(B)(ii).

16.     FOIA requires each agency to make reasonable efforts to search for records in a manner reasonably calculated to locate all records responsive to the FOIA request. *Id*. § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be a reasonable.

17.     FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

18.     In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

19.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

20.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

21.     Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is

unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## Arizona Water Settlements Act

22.     In December 2004, the Arizona Water Settlements Act (AWSA) was signed into law by President Bush. The AWSA authorizes diversion of the Gila River if New Mexico agrees to pay for Central Arizona Project (CAP) water to replace what is taken out of the river.

23.     Title I of the legislation provides adjustments to the allocations of CAP water and settles litigation between the United States and the Central Arizona Water Conservancy District regarding repayment of the District's share of the CAP's construction costs.

24.     Title II authorized the Gila River Indian Community Water Rights Settlement and Title III amended and reauthorized the Southern Arizona Water Rights Settlement Act of 1982. The settlements provide funding that will enable the Gila River Indian Community and Tohono O'odham Nation to rehabilitate and expand water infrastructure to meet the needs of their reservations.

## Colorado River Basin Project Act

25.     The objective of the Colorado River Basin Project Act (1968 Act), passed in 1968, is to provide a program for the further comprehensive development of the water resources of the Colorado River Basin and for the provision of additional and adequate water supplies for use in the upper as well as in the lower Colorado River Basin. 43 U.S.C. §§ 1501-56.

26.     The 1968 Act made the priority of the CAP water supply subordinate to California's apportionment in times of shortage, and directed the Secretary to prepare, in

consultation with the Colorado River Basin states, long-range operating criteria for the Colorado River reservoir system.

27.     The 1968 Act includes the following limitation on use of CAP water: "Unless and until otherwise provided by Congress, water from the Central Arizona Project shall not be made available directly or indirectly for the irrigation of lands not having a recent irrigation history as determined by the Secretary." 43 U.S.C. § 1524(a).

28.     The AWSA provisions regarding diversion of water in New Mexico include amendments to the 1968 Act and the limitations in the 1968 Act on use of CAP water would apply to potential withdrawals of water by New Mexico pursuant to the AWSA.

## FACTUAL BACKGROUND

### FOIA Request: OS-2019-00048

29.     The Gila River is a 649 mile tributary of the Colorado River, which flows through New Mexico and Arizona.  The river is New Mexico's last undammed river and home to multiple threatened and endangered species.

30.     The Gila River has been referred to as the most endangered river in the United States.[1]  The river is endangered because it is hugely impacted by diminishing snow pack and future plans to divert significant portions of the river would exacerbate climate change impacts.

31.     In the January 21, 2019 Preliminary Draft Environmental Impact Statement (EIS), the proposed diversion project could possibly cost $70 million to construct and $1.9 million annually to maintain and operate the project.

32.     AWSA does not have the funds needed to execute the project, which could leave New Mexico residents with the shortfall.

---

[1] American Rivers Americas' Most Endangered Rivers, *available at*:
https://endangeredrivers.americanrivers.org/gila-river/ (last visited May 21, 2019).

33.     On October 11, 2018, the Center sent via electronic mail a FOIA request to Interior seeking "records that interpret and/or apply the following language of the Colorado River Basin Project Act, 43 U.S.C. § 1551 (1968), Section 304(a): "the irrigation of lands not having a recent irrigation history as determined by the Secretary."

34.     On October 15, 2018, Interior emailed the Center acknowledging receipt of the FOIA request, assigning the request tracking number OS-2019-00048, and assigning the request to the "complex" processing track, which permits the agency to process the request within 21 to 60 workdays.  The agency informed the Center that because it "will need to search for and collect requested records from field facilities or other establishments that are separate from the office processing the request, we are taking a 10-workday extension under 43 C.F.R. § 2.19."

35.     On November 27, 2018, the Center emailed Interior requesting a status update. Interior responded on November 28, 2018 that it was unable to provide the Center with an estimated completion date because it was "waiting on the program offices to send [the FOIA office] all the potentially responsive records for the request."

36.     On February 1, 2019, the Center again emailed Interior requesting a status update. Interior responded that day, stating again that it was waiting on the program offices to send the responsive records to the FOIA office.

37.     On February 15, 2019, the Center sent a letter notifying Interior that it was in violation of FOIA's statutory deadlines, offering to assist the agency, and requesting a status update for the third time.  Again, Interior responded that they were waiting on the program offices to send them the responsive records.

38.     As of the date of this filing, Interior has not responded to the Center's February 19, 2019 letter.

39.     As of the date of this filing, which is 83 working days after the 21 to 60 working day deadline of January 25, 2019, the Center has received no records and no additional communications from Interior regarding the Center's October 11, 2018 FOIA request.

40.     Upon information and belief, Interior has failed to conduct a search for records responsive to the Center's October 11, 2018 FOIA request.

41.     In connection with the Center's FOIA request, Interior has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. *Id*. § 522(a)(6)(A)-(B).

42.     Interior's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

43.     The Center has been required to expend resources to prosecute this action.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(Failure to make a timely determination on the Center's FOIA request)**

44.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

45.     The Center has a statutory right to a lawful final determination from Interior on its FOIA request, in a manner that complies with FOIA.

46.     Interior violated FOIA the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

47.     The Center's organizational activities will be adversely affected if Interior is allowed to continue violating FOIA's determination deadlines as it has in this case.

48. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to adequately search for records responsive to the Center's FOIA request)**

49. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

50. The Center has a statutory right to have Interior process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). Interior is violating the Center's rights in this regard by unlawfully failing to undertake a search reasonably calculated to locate all records that are responsive to the Center's FOIA request.

51. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future. *Id.*

52. The Center's organizational activities will be adversely affected if Interior continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

53. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to promptly disclose the records responsive to the Center's FOIA request)**

54.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

55.     Interior is violating FOIA and implementing regulations by refusing to disclose the records responsive to the Center's FOIA Request.

56.     The Center has a statutory right to the records it seeks.

57.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

58.     The Center's organizational activities will be adversely affected if Interior continue to violate FOIA's disclosure provisions as it has in this case.

59.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Interior will continue to violate Plaintiff's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to disclose all non-exempt records responsive to the Center's FOIA Request)**

60.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

61.     The Center has a statutory right to the records it seeks, and there is no legal basis for Interior to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  *See* 5 U.S.C. § 552(b)(1)-(9).

62.     To the extent Interior is invoking any of these exemptions, Interior is unlawfully withholding from disclosure records that are responsive to the Center's FOIA request.

63.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

64.     The Center's organizational activities will be adversely affected if Interior continues to violate FOIA's disclosure provisions.

65.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to provide reasonably segregable portions of any lawfully exempt records)**

66.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

67.     The Center has a statutory right to any reasonably segregable portion of a record that may contain information lawfully subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

68.     Interior is violating the Center's rights in this regard to the extent they are unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

69.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

70.     The Center's organizational activities will be adversely affected if Interior is allowed to continue violating FOIA's disclosure provisions as it has in this case.

71.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
**(In the Alternative to the First through Fifth Claim)**

**(Agency action unlawfully withheld or unreasonably delayed)**

72.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

73.     Interior is unlawfully withholding agency action by failing to comply with the mandates of FOIA as a result of its failure and refusal to search for and disclose records responsive to the Center's FOIA request.  Interior's failures constitute agency actions that are unlawfully withheld pursuant to the APA, 5 U.S.C. § 706(1).

74.     Alternatively, Interior is unreasonably delaying agency action by failing to comply with the mandates of FOIA as a result of its failure and refusal to search for and disclose records responsive to the Center's FOIA request.  Interior's failures constitute agency action unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1).

75.     As alleged above, Interior's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

76.     The Center has suffered a legal wrong as a result of Interior's failure to comply with the mandates of FOIA.  As alleged above, Interior is violating its statutory duties under the APA and injuring the Center's interests in public oversight of governmental operations.

77.     The Center has no other adequate remedy at law to redress the violations noted above.

78.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.


**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First Through Sixth Claims)**

**(Arbitrary and capricious agency action)**

79.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

80.    Interior is violating FOIA's statutory mandates by failing to search for and disclose records responsive to the Center's FOIA request.  By violating FOIA's statutory mandates, Interior's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law pursuant to the APA, 5 U.S.C. § 706(2)(A).

81.    As alleged above, Interior's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

82.    The Center has suffered a legal wrong as a result of Interior's failure to comply with the mandates of FOIA.  As alleged above, Interior is violating its statutory duties under the APA and injuring the Center's interests in public oversight of governmental operations.

83.    The Center has no other adequate remedy at law to redress the violations noted above.

84.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.    Order Defendant to conduct searches reasonably calculated to locate all records responsive to Plaintiff's FOIA request, utilizing a cut-off date for such searches that is the date the searches are conducted, and provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.      Declare that Defendant's failures to timely undertake a search for and disclose to Plaintiff all records responsive to Plaintiff's FOIA request, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

3.      Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

4.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

5.      Grant such other and further relief as the Court may deem just and proper.


DATED: June 3, 2019                    Respectfully submitted,


                                       */s/Douglas W. Wolf*
                                       Douglas W. Wolf (D.C. Bar No. 481046)
                                       Center for Biological Diversity
                                       1411 K Street NW, Suite 1300
                                       Washington, D.C. 20005
                                       Tel:  202-510-5604
                                       Email: dwolf@biologicaldiversity.org

                                       *Attorney for Plaintiff*